IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRIAN STENGEL,

    Plaintiffs,

  v.                                                                                         No. CIV 14-1058 RB/SCY

NEW MEXICO CORRECTIONS DEPARTMENT,
GERMAN FRANCO, WARDEN OF
PENITENTIARY OF NEW MEXICO,
GARY MARCIEL, Title Unknown,
MICHELLE BOYER, GRIEVANCE OFFICER,
KATHY TRUJILLO, CLASSIFICATION SUPERVISOR,
JIM BREWSTER, LEAD COUNSEL,
sued in their individual and professional capacities,

    Defendants.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Verified Complaint for Damages and Injunctive Relief. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, Plaintiff's complaint will be dismissed.

       The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff received a misconduct report. He was found guilty of the charge and, as punishment, Defendants forfeited certain of his earned good time credits. His claims arise from subsequent events when Defendants allegedly failed to comply with corrections department policies and procedures governing grievances and disciplinary/classification appeals. As a result, Plaintiff was unable to obtain administrative relief. He claims that Defendants' actions deprived him of his right to petition for redress of grievances and his liberty interest in administrative appeals, in violation of his rights under the First and Fourteenth Amendments. The complaint seeks damages and declaratory and equitable relief.

As a starting point, violations by prison officials of departmental and prison regulations, without more, are not actionable under 42 U.S.C. § 1983. " 'It is well established' that a violation of state law 'does not create a claim under § 1983.' A failure to follow a state statute is 'actionable only if the [alleged] actions fail to meet basic federal constitutional standards.' " *Hoffman v. Martinez*, 92 F. App'x 628, 632 (10th Cir. 2004) (quoting *Rector v. City & County of Denver*, 348 F.3d 935, 947 (10th Cir. 2003)). In other words, the resulting "conditions complained of must be 'sufficiently serious' to implicate constitutional rights . . . . [A] prisoner must show . . . 'conditions posing a substantial risk of serious harm' to inmate health or safety." *DeSpain v. Uphoff,* 264 F.3d 965, 973 (10th Cir. 2001) (quoting *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)). Furthermore, a plaintiff's pleading must allege that the defendants' actions caused an "actual injury[, which] derives ultimately from the doctrine of standing." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Here, the complaint seeks damages "for physical, mental, and emotional

2

injuries sustained by plaintiff" but makes no allegations of conditions or injuries that meet the standards noted in these cases.

More particularly, Plaintiff's allegations of violations of classification appeal and grievance procedures do not support constitutional claims.  First, the Defendants' alleged violations of grievance procedures did not infringe Plaintiff's First Amendment right to petition for redress.  "When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam), *quoted in Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011).  "This means that after [Defendant] denied the grievance form, [Plaintiff] was free to file suit.  Thus, because [Defendant]'s denial of the grievance form in no way prevented or hindered [Plaintiff] from bringing suit in court, his access-to-the-courts claim indisputably lacks merit."  *Fogle v. Gonzales*, 570 F. App'x 795, 797 (10th Cir. 2014). The Court will dismiss Plaintiff's claim for violations of grievance procedures.

Second, prisoners have no due process rights to a particular classification, *see Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994); *Bailey v. Shillinger*, 828 F.2d 651, 652 (10th Cir. 1987), although "[t]he Supreme Court recently recognized a due process liberty interest at stake when a prisoner's reclassification imposed an 'atypical and significant hardship,' " *Muniz v. Moore*, 375 F. App'x 841, 844 (10th Cir. 2010) (citing *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005)); *and see Duffy v. Uphoff*, No. 96-8017, 1997 WL 82482, at *2 (10th Cir. 1997) (noting that Due Process may protect inmate from arbitrary changes in classification that are outrageous or shock the conscience).  Here, Plaintiff does not allege that loss of good time credits "imposed an 'atypical and significant hardship,' " *Muniz*, 375 F. App'x at 844, or amounted to an outrageous

arbitrary change in classification, *see Duffy*, 1997 WL 82482, at *2.  The Court will dismiss Plaintiff's due process claim for violations of the Corrections Department's classification appeal procedures.  Plaintiff's allegations do not support constitutional claims, and the Court will dismiss his complaint.

    IT IS THEREFORE ORDERED that Plaintiff's Verified Complaint for Damages and Injunctive Relief is DISMISSED with prejudice, and judgment will be entered.

                                              _____
                                              UNITED STATES DISTRICT JUDGE